**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **Data PowerWorks, LLC,** <br><br> Plaintiff, <br> v. <br><br> **Schneider Electric SE** and **Schneider Electric USA, Inc.,** <br><br> Defendants. | Civil Action No. 2:25-cv-300-JRG <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF DATA POWERWORKS, LLC'S**
**OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING**
***EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     FACTUAL BACKGROUND................................................................................................ 1

III.    LEGAL STANDARD........................................................................................................... 3

IV.     ARGUMENT........................................................................................................................ 4

        A.      Schneider Cannot Show the EPRs Will Simplify This Case .................................. 4

        B.      Schneider's Ten-Month Delay in Filing EPRs Demonstrates a Lack of Diligence 6

        C.      A Stay Would Unfairly Prejudice DPW ................................................................. 7

V.      CONCLUSION..................................................................................................................... 9

i

# TABLE OF AUTHORITIES

## Cases

*Croga Innovations Ltd. v. Cisco Sys., Inc.*,
No. 2:24-CV-00065-JRG, 2025 WL 1117472 (E.D. Tex. Apr. 15, 2025) ............................ 7, 8

*Daingean Technologies Ltd. v. T-Mobile USA, Inc.*,
No. 2:23-CV-00347-JRG-RSP, 2025 WL 4666540 (E.D. Tex. July 3, 2025) .......................... 5

*Datatreasury Corp. v. Wells Fargo & Co.*,
490 F. Supp. 2d 749 (E.D. Tex. 2006).................................................................................... 3

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
2016 WL 162162 (E.D. Tex. Mar. 23, 2016) .......................................................................... 3

*Garrity Power Servs. LLC v. Samsung Electronics Co. Ltd.*, No. 2:20-CV-00269-JRG, 2021 WL
12311073 (E.D. Tex. Dec. 10, 2021)....................................................................................... 8

*Kaifi LLC v. T-Mobile US, Inc.*,
No. 2:20-CV-00281-JRG, 2021 WL 12413531 (E.D. Tex. Sept. 24, 2021) ............................. 4

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
No. 2:21-cv-01130, 2022 WL 17484264 (E.D. Tex. July 7, 2022)........................................... 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)............................................................................................................ 3, 4

*Longhorn HD, LLC v. NetScout Systems,
Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022).............................. 8

*Luminati Networks Ltd.* v. NETNUT Ltd., No. 2:20-CV-00188-JRG-RSP, 2021 WL 3128654
(E.D. Tex. July 23, 2021)................................................................................................... 7, 8

*Maxell Ltd. v. Apple Inc.*, Civ. No. 5:19-CV-00036-RWS, Dkt. No. 662 (E.D. Tex Aug. 19,
2019) .................................................................................................................................... 4

*Mullen Industries LLC v. Samsung Elec.*,
Civ. No. 2:24-CV-00049-JRG-RSP, Dkt. No. 265 (E.D. Tex Feb. 19, 2026) ......................... 5

*NFC Tech. LLC v. HTC Am.*,
2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ..................................................................... 4, 5

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
2021 WL 121154 (E.D. Tex. Jan. 13, 2021).......................................................................... 4

*Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 2:19-CV-00225, 2020 WL 14100586 (E.D. Tex. Nov. 23, 2020) ....................................... 4

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-cv-00463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) ........................ 3

*Solas OLED v. Samsung*,
   No. 2:21-CV-00104, 2022 WL 23048913 (E.D. Tex. Feb. 22, 2022) ................................... 5, 8

*Soverain Software LLC v. Amazon.Com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ...................................................................................... 4

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
   No. 2:17-CV-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ............................... 7

*XiFi Networks R&D, Inc. v. Samsung Electronics Co., Ltd.*,
   No. 2-24-cv-01057-JRG, 2026 WL 710393 (E.D. Tex. Mar. 13, 2026) ............................... 6, 8

## Other Authorities

35 U.S.C. § 305 ................................................................................................................................ 5

35 U.S.C. § 316(a)(11) .................................................................................................................... 5

U.S. PAT. & TRADEMARK OFF., EX PARTE REEXAMINATION FILING DATA – SEPTEMBER 30, 2024 5

## I.    INTRODUCTION

Defendants Schneider Electric SE and Schneider Electric USA, Inc.'s (collectively, "Schneider") request to stay this case against Data PowerWorks, LLC ("DPW") should be denied. *See* Dkt. 44 ("Motion").  Schneider seeks to delay the litigation pending resolution of four *ex parte* reexaminations ("EPRs"), but all three stay factors weigh against granting such relief.

*First*, the EPRs are unlikely to simplify anything.  No Office Action has issued in any of the four proceedings.  This Court has repeatedly held that granting a stay at this stage would be "based solely on speculation."  And the EPRs cannot address key issues already in discovery here — patent ownership, infringement, conception, and damages.

*Second*, the stage of litigation weighs heavily against a stay.  Schneider waited ten months to file its EPR petitions—twice as long as other defendants where this Court has denied a stay pending EPRs.  Meanwhile, the parties have produced over 100,000 documents, inspected source code, and are deep in the midst of claim construction proceedings.  Trial is set for December 2026.

*Third*, a stay would unfairly prejudice DPW.  This Court has repeatedly rejected the argument that non-practicing patentees suffer no prejudice from delay.  DPW is further prejudiced by Schneider's choice to file EPR petitions—which have no statutory deadline and take on average 26 months to conclude—rather than IPR petitions, which generally conclude within 12 months.

Thus, all three factors weigh against a stay, and the Motion should be denied.

## II.    FACTUAL BACKGROUND

DPW filed the Complaint against Schneider on March 13, 2025 (Dkt. 1), asserting infringement of four patents directed to systems and methods involving Uninterruptible Power Supply ("UPS") equipment.  The Court issued a Docket Control Order on July 23, 2025, setting forth the case schedule.  *See* Dkt. 24.  Under the Order, the *Markman* hearing is set for June 16, 2026, and trial is set for December 7, 2026.

The parties have been actively engaged in discovery for eight months now, including written discovery, document production, source code inspection, ESI discovery, third-party discovery, and claim construction activities.  DPW served infringement contentions on July 2, 2025, nearly nine months ago.  Schneider served invalidity contentions on August 27, 2025, identifying approximately 300 prior art references and over thousands of possible combinations that allegedly anticipate the Asserted Patents or render the Asserted Patents obvious.  Schneider has made its source code available since September 2025 and DPW has been conducting inspections, with its technical source code expert travelling to New York to conduct over a week of source code review from September 2025 to January 2026.

To date, Schneider has served 16 third-party subpoenas, including on Vertiv (seeking discovery on documents covering 51 topics and deposition(s) covering 45 topics), Fortress (seeking discovery on documents covering 28 topics and deposition(s) covering 22 topics), all eight named inventors, including Heber, Bush, Shetler, Jr., Sonner, Caudill, Cohen, Cullen, and Smith (seeking discovery on documents covering 18 topics for each inventor and depositions), Generac Power System (seeking discovery on documents and deposition(s) related to alleged prior art systems), Discovery Energy (seeking discovery on documents and deposition(s) related to alleged prior art systems), Discovery Energy (Wisconsin) (seeking discovery on documents and deposition(s) related to alleged prior art systems), and the attorney and law firm involved in the prosecution of the Asserted Patents, Chapp and HarnessIP (seeking discovery on documents and depositions related to the prosecution of the Asserted Patents).

Schneider filed four EPR petitions in December 2025 and January 2026—nearly ten months after DPW filed its Complaint and over four months after receiving DPW's infringement

contentions.  The PTO ordered reexaminations between mid-February and early March 2026.  *See* Dkt. 44 at 3.

Schneider then waited almost a month after the first reexamination order (February 17, 2026 for the '756 patent) to file this Motion.  During that period, the parties engaged in significant claim construction activities.  On February 10, the parties exchanged proposed terms for construction.  Schneider initially identified 45 terms, which was later reduced to 17 after the parties engaged in good faith meet and confer efforts to narrow the claim construction disputes.  On March 10, the parties identified extrinsic evidence and proposed constructions.  Following additional meet and confer, the parties jointly filed the joint claim construction and pre-hearing statement on March 31, concerning the 13 remaining terms in dispute.  Claim construction briefing is set to start on May 5, and the Markman hearing is scheduled for June 16.

## III.    LEGAL STANDARD

"A district court has the inherent power to control its own docket, including the power to stay proceedings before it."  *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 162162, at *1 (E.D. Tex. Mar. 23, 2016).

"[T]he party seeking a stay bears the burden of showing that such a course is appropriate." *Realtime Data LLC v. Actian Corp.*, Case No. 6:15-cv-00463-RWS-JDL, 2016 WL 9340796, at *2 (E.D. Tex. Nov. 29, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  A stay pending an administrative proceeding "is not automatic; rather, it must be based upon the circumstances of the individual case."  *Id.* at *6-7 (citing *Datatreasury Corp. v. Wells Fargo & Co.,* 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006)).

"In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether

3

discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, 2021 WL 121154, at *1 (E.D. Tex. Jan. 13, 2021) (quoting *Landis*, 299 U.S. at 254–55). The Court considers the practical realities and unique circumstances of each case. *Id.*

The Court may grant a stay where "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech. LLC v. HTC Am.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015). But when considering EPR proceedings, the Court will not stay a case "based solely on speculation of what might possibly happen during reexamination." *Ramot at Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-CV-00225, 2020 WL 14100586 at *1 (E.D. Tex. Nov. 23, 2020); *see also Soverain*, 356 F. Supp. 2d 660 at 662. Before any Office Action has issued in EPR proceedings, "the *potential* to simplify the issues in question and the trial . . . is [] more speculative than factual." *Ramot*, 2020 WL 14100586 at *1 (emphasis in original).

## IV.  ARGUMENT

### A.  Schneider Cannot Show the EPRs Will Simplify This Case

Schneider's simplification argument is pure speculation.

This Court repeatedly denies stays where, as here, "EPR proceeding has merely begun and no Office Action has even been issued by the PTO." *Kaifi LLC v. T-Mobile US, Inc.*, No. 2:20-CV-00281-JRG, 2021 WL 12413531 at *3 (E.D. Tex. Sept. 24, 2021); *see also Maxell Ltd. v. Apple Inc.*, Civ. No. 5:19-CV-00036-RWS, Dkt. No. 662, at 7-8 (E.D. Tex Aug. 19, 2019) (finding simplification speculative where "PTO has yet to issue *any* preliminary Office Actions, let alone reject any of the asserted claims"); *Solas OLED v. Samsung*, No. 2:21-CV-00104, 2022 WL

4

23048913 at *2 (E.D. Tex. Feb. 22, 2022) (finding that the simplification-of-the-issues factor weighs against a stay in part because "[a]s of the filing of the Motion to Stay, the PTO had yet to issue any Office Actions"). Further, this Court has recognized that "the EPR process does not carry with it the estoppel provisions that the IPR process includes." *Daingean Technologies Ltd. v. T-Mobile USA, Inc*., No. 2:23-CV-00347-JRG-RSP, 2025 WL 4666540, at *2, (E.D. Tex. July 3, 2025).

Schneider relies heavily on *NFC Tech. LLC*, where the Court granted a stay based on pending IPR proceedings. *See* Dkt. 44 at 6. But EPR proceedings are not IPRs: as this Court has held, "unlike IPR proceedings, EPR proceedings have only a remote chance of simplifying the case because such proceedings do not have statutory deadlines." *Mullen Industries LLC v. Samsung Elec*., Civ. No. 2:24-CV-00049-JRG-RSP, Dkt. No. 265 at 1 (E.D. Tex Feb. 19, 2026), comparing 35 U.S.C. § 316(a)(11) (IPR) with § 305 (EPR).

Schneider also relies on statistics to predict case simplification. But as this Court has said, "only about 14% of such proceedings result in cancellation of all challenged claims." *Mullen Industries LLC*, Dkt. No. 265, at 1 (citing U.S. PAT. & TRADEMARK OFF., EX PARTE REEXAMINATION FILING DATA – SEPTEMBER 30, 2024, p. 2); *see also Daingean Technologies Ltd.*, 2025 WL 4666540, at *2 ("only about 13% of EPR cases result in cancellation of all challenged claims").

Moreover, the passage of time from a stay will make this case less efficient, not more, as the PTAB would not and could not resolve issues even Schneider conceded as key issues here. For example, Schneider states in the Motion that third-party discovery from Vertiv is "expected to produce evidence bearing on **several key issues** in this case, including the conception and reduction to practice of the Asserted Patents, patent marking, prior licensing of the Asserted Patents, and

damages. . ." Dkt. 44 at 10 (emphasis added). Additionally, the Asserted Patents were issued between 2011 and 2015, and Schneider has already subpoenaed the inventors. As time passes under a stay, access to relevant documents and witnesses' memories from that period will become increasingly difficult. *See XiFi Networks R&D, Inc.*, No. 2-24-cv-01057-JRG, 2026 WL 710393, at *1 (denying stay and recognizing that "access to relevant documents and witness' memories from 2008-2013 will become more challenging as time passes[,]" and that "[t]he PTAB will not and cannot address the ownership issues XiFi is collective evidence on now").

Thus, this factor disfavors a stay.

## B.    Schneider's Ten-Month Delay in Filing EPRs Demonstrates a Lack of Diligence

The stage of the case factor, too, disfavors a stay.

Schneider waited ten months to file its EPR petitions and about a month after the first EPR was instituted to file this Motion. This lack of diligence weighs against a stay. *See XiFi Networks R&D, Inc.*, 2026 WL 710393 at *2 (denying stay based on defendant's seven-month delay in filing IPRs, finding that "[d]uring Samsung's delay in filing for IPR, and its additional month of delay in moving for a stay, this case has progressed well into fact discovery and is approaching the Markman hearing.").

Schneider contends that this case is "far from complete" and that "the bulk of expenses . . . are still in the future." *See* Dkt. 44 at 8-9. That is incorrect. The parties have exchanged and supplemented written discovery, produced over 100,000 documents, and have inspected source code. As discussed in the previous sections, the parties have also been engaged in extensive claim construction proceedings, including narrowing of proposed claim construction terms, and filing the joint claim construction and pre-hearing statement on March 31. In addition to Schneider issuing 16 third-party subpoenas covering a wide variety of topics, the parties are actively working

6

through ESI discovery, and DPW is scheduled to take Schneider's ESI 30(b)(6) deposition on April 8.  DPW has invested extensive resources in these activities. Under similar circumstances, this Court has denied a stay.  *See Croga Innovations Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00065-JRG, 2025 WL 1117472, at *2 (E.D. Tex. Apr. 15, 2025)(denying stay where case had been pending over a year, discovery was underway including document exchange and source code review, and claim construction briefs had been filed); *see also Luminati Networks Ltd.*, No. 2:20-CV-00188-JRG-RSP, 2021 WL 3128654, at *2 (denying motion to stay while recognizing that this factor favors a stay because "[w]hen Samsung filed its Motion to Stay, the Court had not yet entered a Docket Control Order and Discovery was in its early stages.").

Schneider's reliance on *Veraseal LLC v. Wal-Mart Stores, Inc*. is also misplaced.  There, the Court granted a stay pending EPR because the sole patent at issue there had expired so that the EPR proceeding would adopt the same claim construction standard under *Phillips* as the district court.  *See* 2018 WL 2183235, at *2 (E.D. Tex. May 11, 2018).  Then the court granted a stay after the defendant stipulated that it would not rely at trial on the prior art references that the PTO deemed to raise a substantial new question of patentability.  *Id.*  Thus, *Veraseal* does not apply here.

Thus, this factor also disfavors a stay.

### C.    A Stay Would Unfairly Prejudice DPW

Schneider's lack of prejudice arguments fail.

Schneider argues that DPW will not be unduly prejudiced by a stay because DPW "does not compete with Schneider," and that "any delay in collecting monetary damages or enforcing patent rights, without more does not amount to undue prejudice or tactical advantages." *See* Dkt. 44 at 11-12.  But this Court has repeatedly rejected this very reasoning before, finding that "delaying a patentee's lawsuit where the patentee is not a direct competitor is far from non-

prejudicial." *Longhorn HD, LLC v. NetScout Systems, Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652 at *1 (E.D. Tex. Jan. 6, 2022) (cleaned up); *Solas OLED*, 2022 WL 23048913 at *2 ("Nor does Samsung's argument that a stay will not prejudice Solas because it does not compete with Samsung pass muster.").

This Court has also rejected the claim that a delay in recovering monetary damages is not prejudicial. *See id.*; *see also XiFi Networks R&D, Inc.*, 2026 WL 710393 at *2, citing *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-cv-01130, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) ("This Court has repeatedly found that a delay in recovering monetary damages is far from non-prejudicial and is entitled to weight under this factor") (internal citation omitted); *Garrity Power Servs. LLC*, No. 2:20-CV-00269-JRG, 2021 WL 12311073 at *1 ("[w]hile a delay in recovering money damages may not rise to the same level of prejudice as delaying entry of warranted injunctive relief, such is far from non-prejudicial."). Indeed, this Court has routinely recognized that "[a]ll parties have an interest in the timely vindication of their patent rights, regardless of their practicing status." *Croga Innovations Ltd.*, 2025 WL 1117472, at *2.

DPW is further prejudiced by Schneider's 10-month delay in filing the EPR petitions, and by Schneider's choice to file EPR petitions instead of IPR petitions, a much quicker post-grant proceeding. *See Luminati Networks Ltd.*, No. 2:20-CV-00188-JRG-RSP, 2021 WL 3128654, at *5 ("In addition to waiting to file, Defendant chose to file an EPR request, a slower post-grant proceeding, as opposed to an inter partes review, a much quicker post grant proceeding that would minimize prejudice from delay."); *Longhorn HD, LLC*, 2022 WL 71652 at *2 ("unlike an IPR, there is no timeline for the duration of an EPR. Indeed, the average EPR currently lasts 25.7 months. . . Further, the failure of anyone . . . to initiate an EPR until nine months after this case

8

was filed would bring about a substantial waste of resources if a stay lasting over two year were to be granted.").

Thus, this factor disfavors a stay.

## V.      CONCLUSION

All three stay factors weigh against granting this Motion.  Schneider waited ten months to file its EPR petitions.  It chose a slower post-grant proceeding with no deadline.  It now asks this Court to reward that delay by halting a case in which the parties have produced over 100,000 documents and are on the eve of claim construction briefing.  DPW respectfully requests that the Court deny Schneider's Motion to Stay.

Dated: April 3, 2026              Respectfully submitted,

*/s/ S. Giri Pathmanaban by permission Andrea L. Fair*
S. Giri Pathmanaban (Texas Bar No. 24074865)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
1841 Page Mill Road
Suite 250
Palo Alto, CA 94304
Telephone: (650) 815-4100
Facsimile: (650) 815-4199
gpathmanaban@cgsh.com

Clement Naples (Appearance forthcoming)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
cnaples@cgsh.com

Heather S. Nyong'o (Admitted Pro Hac Vice)
Thomas W. Yeh (Admitted Pro Hac Vice)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
650 California Street, Suite 2400
San Francisco, CA 94108
Telephone: (415) 796-4400
Facsimile: (415) 796-4499

9

tyeh@cgsh.com
hnyongo@cgsh.com

Of Counsel:
Andrea Fair
Texas State Bar No. 24078488
Garrett Parish
Texas State Bar No. 24125824
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
andrea@millerfairhenry.com
garrett@millerfairhenry.com

*Attorneys for Plaintiff Data PowerWorks, LLC*

10

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 3, 2026.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on April 3, 2026.

/s/ *Andrea L. Fair*