**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DATA POWERWORKS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 2:25-CV-00300-JRG |
| | § | |
| SCHNEIDER ELECTRIC SE and SCHNEIDER ELECTRIC USA, INC., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is Defendants' Motion to Strike Data PowerWorks's Supplemental Infringement Contentions ("Motion"). (Dkt. No. 119.) Having considered the Motion and associated briefing, the Court finds that the Motion should be **DENIED**.

## I. INTRODUCTION

The Court held a claim construction hearing for this case on July 8, 2026 and issued its Claim Construction Order on August 20, 2026. (Dkt. No. 120.) In the Claim Construction Order, the Court construed two "control module" claim terms under 35 U.S.C. § 112(f), *i.e.*, as means-plus-function terms. (*Id.* at 35–36.) Specifically, the Court construed the structure of a "control module" claimed in U.S. Patent No. 9,000,613 ("'613 Patent") to be "UPS control circuit 100, Fig. 6, and 11:63–12:61"; and the structure of another "control module" claimed in U.S. Patent No. 9,531,288 ("'288 Patent") to be "UPS control module 38, as described further at 5:6–8; 8:5–9; and Fig. 15 (as described further at 11:33–12:30; and 12:42–13:21), plus the second comparison module as described at 12:35–41, and equivalents thereof." (Dkt. No. 120 at 35–36.)

The Court's "control module" constructions meaningfully differed from the parties' proposed constructions. Plaintiff proposed that the "control module" terms could be given their

plain and ordinary meaning. As an alternative, Plaintiff proposed that the structures for the terms could be "[a]ny one of an ASIC, a discrete circuit, an integrated circuit, a combinational logic circuit, an FPGA, a processor (shared, dedicated, or group) that executes code, memory that stores code executed by the processor, other suitable hardware components, or a combination thereof . . . ." (*Id.* at 22, 28.) Defendants contended that "UPS control module 18" and "UPS control module 38" were the structures for the control module terms. (*Id.*)

On July 20, 2026, weeks before the Court issued its Claim Construction Order, Plaintiff served amended infringement contentions on Defendants that addressed the disputed control module terms. (Dkt. No. 119 at 4.) Defendants now seek the Court to strike these amended infringement contentions.

## II. LEGAL AUTHORITY

Under local Patent Rule 3-6(a)(1), a party claiming patent infringement may amend its infringement contentions without leave of court if it has a good-faith belief that the Court's Claim Construction Order so requires. *Id.* Such an amendment must occur not later than thirty days after service of the Court's Claim Construction Order. *Id.*

## III. ANALYSIS

Defendants move to strike Plaintiff's amended infringement contentions as not being based on a good-faith belief that the Court's Claim Construction Order required amendment and as such being without proper leave of Court. (Dkt. No. 119.) Plaintiff argues that for the '613 and '288 Patents, the Court identified a structure that differed from those the parties proposed. (Dkt. No. 128.) Plaintiff also represents that counsel explained at the claim construction hearing that the structure for a "control module" term was not addressed in detail by the parties. (*Id.*)

Although the Court based its "control module" constructions on the intrinsic evidence and the parties' competing positions and arguments, the Court finds that Plaintiff had a good-faith belief to amend its "control module" infringement contentions past claim construction. The Court's Claim Construction Order permitted such amendment given that the Court adopted neither party's proposed "control module" constructions. Instead, the Court adopted the specific and different "control module" constructions noted previously. Also, Plaintiff proactively amended its infringement contentions (during fact discovery for the disputed terms) before the Court issued its Claim Construction Order, mitigating any prejudice to Defendants. Accordingly, the Court concludes that Plaintiff could properly amend its infringement contentions without leave of court under P.R. 3-6(a)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion to Strike Data PowerWorks's Supplemental Infringement Contentions (Dkt. No. 119) is **DENIED**.

**So ORDERED and SIGNED this 23rd day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE