**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DATA POWERWORKS, LLC,<br>*Plaintiff*,<br>v.<br>SCHNEIDER ELECTRIC SE,<br>SCHNEIDER ELECTRIC USA, INC.,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00300-JRG-RSP |

## ORDER ON MOTIONS *IN LIMINE*

The Court heard argument at the Pretrial Conference on November 6, 2026, regarding Motions *in limine* filed by Plaintiff Data PowerWorks, LLC ("DPW") (**Dkt. No. 184**), and Defendants Schneider Electric SE, and Schneider Electric USA, Inc. ("Schneider") (**Dkt. No. 185**).

This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench.

Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

## PLAINTIFF'S MOTIONS *IN LIMINE* (DOCKET NO. 184)

**Plaintiff's MIL 1**: Argument, evidence, or testimony related to Fortress Investment Group or investors of Data PowerWorks.

This motion *in limine* is **GRANTED** by agreement (*See* Dkt. No. 208).

**Plaintiff's MIL 2**: Argument, evidence, or testimony that the Accused Products avoid infringement of the '613 patent's apparatus claims because a particular person enables or activates a claimed feature.

This motion *in limine* is **DENIED**.

**<u>Plaintiff's MIL 3</u>**: Argument, evidence, or testimony that the Accused Products are covered by Schneider's Patents.

This motion *in limine* was carried at the hearing but is now **GRANTED**. While it is true that Plaintiff must apportion its damages to cover only the value of the patented features, and not the features of the accused products that are beyond the asserted patents, it does not matter whether those unclaimed features are themselves covered by other patents. The effort to show that unclaimed features are covered by Schneider patents causes a substantial risk of undue prejudice and the likelihood that the jury may conclude that those patents are a defense to infringement or a basis for invalidity. Under Rule 403, whatever marginal relevance that evidence of the Schneider patents may have is far outweighed by the risk of jury confusion and unfair prejudice.

The case relied upon by Schneider at the hearing (*PMC v. Apple*, No. 2:15-cv-1366 (March 3, 2021), is inapposite because there the plaintiff was relying upon DOE for infringement, which raised the question whether the difference between the claim limitations and the accused product was insubstantial. Doctrine holds that whether that difference was separately patentable is relevant to the question of insubstantiality. Thus, certain of Apple's patents were relevant. That situation is not present here.

However, this does not prevent Schneider from showing generally that it has patents of its own in this space. Furthermore, if Plaintiff

introduces evidence that shows that Schneider's patents cover its products (which Defendant argued was in certain marketing documents relied upon by Plaintiff), Schneider may argue that the door has been opened and seek relief from this Order.

**Plaintiff's MIL 4**: Argument, evidence, or testimony from any fact witness about Schneider products, source code, and documents that the witness does not have personal knowledge about.

This motion *in limine* is **DENIED** without prejudice to contemporaneous objections.

**Plaintiff's MIL 5**: All evidence and testimony from any fact witness about whether any Schneider product practices, infringes, or invalidates any asserted claim.

This motion *in limine* is **GRANTED** as to opinion testimony from fact witnesses like Defendant's CTO, Mr. Simonelli, including testimony that uses the particular language of the claims to describe or distinguish the accused products. However, he is free to testify as to his personal knowledge of the design, manufacture and operation of the accused products.

**DEFENDANTS' MOTIONS *IN LIMINE* (DKT NO. 185)**

**Defendants' MIL 1**: Exclude Evidence, Testimony, or Argument Related to Eric Broxterman's or Vertiv's Hearsay Statements.

This motion *in limine* is **GRANTED** as to statements attributable to Mr. Broxterman by Mr. Ciccarelli, both as to whether Schneider infringes the patents, and as to whether Vertiv was rushing to close the sale of the

patents by the end of the year. The former statement is far more relevant for its truth than for the fact of the utterance, and the latter does not qualify under FRE 803(3), in part because it was made long after the events described.

**Defendants' MIL 2**: Exclude Evidence, Testimony, or Argument Related to Irrelevant Competitor Monitoring.

This motion *in limine* is **DENIED.**

**Defendants' MIL 3**: Exclude Evidence, Testimony, or Argument Related to Schneider's Revenue.

This motion *in limine* is **GRANTED** as to company-wide revenue; the Motion is **DENIED** as to total revenues for the Accused Products. The Court will examine whether Plaintiff's expert properly relies on such figures when it considers the motion to strike.

**Defendants' MIL 4**: Exclude Evidence, Testimony, or Argument Related to Post-Suit Willfulness.

This motion *in limine* is deferred to the Denendant's Motion for Partial Summary Judgment regarding willfulness.

**SIGNED this 6th day of November, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE